**Dana L. Sullivan, OSB No. 94483**
E-mail: dana@baaslaw.com
**Kristine Lambert, OSB No. 01068**
Email: Kristine@baaslaw.com
BUCHANAN ANGELI ALTSCHUL
& SULLIVAN LLP
321 SW Fourth Avenue, Suite 600
Portland, OR 97204
Telephone: (503) 974-5015
Facsimile: (971) 230-0337

    Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| GRACIA H. MERRILL,<br><br>        Plaintiff,<br><br>v.<br><br>M.I.T.C.H. CHARTER SCHOOL TIGARD and DEBI LORENCE,<br><br>        Defendants. | Case No. 3:10-cv-00219-HA<br><br>**DECLARATION OF DANA L. SULLIVAN IN SUPPORT OF PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO STRIKE DECLARATION OF JANE HALPERT, PH.D.** |

I, Dana L. Sullivan, declare under penalty of perjury as follows:

    1.    I am a partner in the firm of Buchanan Angeli, Altschul & Sullivan LLP and have principal responsibility for representation of plaintiff, Gracia H. Merrill, in the above-referenced matter. I base this declaration on my own personal knowledge, and if called, could competently testify thereto. I am over the age of 21 years and I have personal knowledge of the matters stated herein. This declaration is submitted in support of Plaintiff's Memorandum in Opposition to

PAGE 1 -    DECLARATION OF DANA L. SULLIVAN IN SUPPORT OF PLAINTIFF'S
        MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO
        STRIKE DECLARATION OF JANE HALPERT, PH.D.

Defendants' Motion to Strike Declaration of Jane Halpert, Ph.D.

2. Exhibit A is a true and correct copy of an Order Regarding Motion to Exclude Expert Witness and Motions in Limine, entered in Case No. 2:09-cv-00173-RMP in the U.S. District Court for the Eastern District of Washington on August 30, 2010.

I declare under penalty of perjury that the foregoing statement is true and accurate to the best of my recollection.

DATED this 10th day of February, 2011.

_____
Dana L. Sullivan

PAGE 2 -   DECLARATION OF DANA L. SULLIVAN IN SUPPORT OF PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO STRIKE DECLARATION OF JANE HALPERT, PH.D.

## CERTIFICATE OF SERVICE

      I hereby certify that on the 10th day of February, 2011, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Karen Vickers
Mersereau Shannon, LLP
One SW Columbia Street
Suite 1600
Portland, OR 97258-2089
kvickers@mershanlaw.com

Attorneys for Defendants


      DATED:  February 10, 2011

      BUCHANAN ANGELI ALTSCHUL &
      SULLIVAN LLP

      _____
      Dana L. Sullivan, OSB No. 94483
      Telephone:  (503) 974-5023

      Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| NORMA MAXWELL,<br><br>       Plaintiff,<br><br> v.<br><br>VIRTUAL EDUCATION SOFTWARE, INC., a Nevada corporation,<br><br>       Defendant. | NO: CV-09-173-RMP<br><br>ORDER REGARDING MOTION TO EXCLUDE EXPERT WITNESS AND MOTIONS IN LIMINE |

  This matter comes before the Court through defendant Virtual Education Software, Inc.'s ("VESi") Motion to Exclude Plaintiff's Expert Witness (Ct. Rec. 55), VESi's Motion in Limine (Ct. Rec. 81) and Norma Maxwell's Motions in Limine (Ct. Rec. 75). The Court reviewed all of the pleadings in these matters as well as the file and heard oral arguments on August 27, 2010.[1]

---

[1] The Court reviewed the Defendant's Motion to Exclude Plaintiff's Expert Witness (Ct. Rec. 55), accompanying memorandum (Ct. Rec. 56), declaration and exhibits (Ct. Rec. 57), Plaintiff's response (Ct. Rec. 60), accompanying declaration and exhibits (Ct. Rec. 61), Defendant's reply (Ct. Rec. 62), Defendant's Motion in

ORDER REGARDING MOTION TO EXCLUDE PLAINTIFF'S EXPERT WITNESS AND MOTIONS IN LIMINE~ 1

## Defendant's Motion to Exclude

VESi's motions raise the issue of whether plaintiff Norma Maxwell's intended expert witness Dr. Jane Halpert's testimony on the theory of stereotyping is helpful and reliable enough to be admissible under *Daubert*[2] and Fed. R. Evid. 702. Plaintiff's expert, Dr. Jane Halpert, earned a PhD in Industrial/Organizational Psychology at Wayne State University in Detroit, Michigan, and is an associate professor in the psychology department at DePaul University in Chicago, Illinois (Ct. Rec. 61 at 15). Dr. Halpert has particular expertise in the area of stereotyping and gender discrimination, with a research emphasis in recent years on pregnancy and women in the workplace (Ct. Rec. 61 at 5-6). Dr. Halpert's testimony consists of giving background on the theory of stereotyping and the manner in which stereotyping is documented. She also offers opinion testimony on whether the

---

Limine (Ct. Rec. 81), accompanying memorandum (Ct. Rec. 82), Plaintiff's response (Ct. Rec. 89), Plaintiff's Motion in Limine (Ct. Rec. 75), accompanying memorandum (Ct. Rec. 76), Defendant's response (Ct. Rec. 87), and Plaintiff's reply (Ct. Rec. 92), and the remaining file in this case and is fully informed. The Court also heard oral argument on the motions during the pretrial conference and motions hearing on August 27, 2010.

[2] *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S.Ct. 2786 (1993) ("Daubert I").

ORDER REGARDING MOTION TO EXCLUDE PLAINTIFF'S EXPERT WITNESS AND MOTIONS IN LIMINE~ 2

statements she reviewed in this case are consistent with stereotyping and discrimination. (Ct. Rec. 61); (Ct. Rec. 65). In preparing her expert report and in advance of her deposition, Dr. Halpert reviewed approximately 50 or 60 exhibits including emails, paperwork from personnel files, and transcripts of depositions of the plaintiff, Ms. Maxwell, and VESi officers: Mick Jackson, Robbie Jackson, and Patrick Chung (Ct. Rec. 25-1 at 5, 19-20). She did not personally interview Ms. Maxwell or employees or executives at VESi (Ct. Rec. 57-1 at 20).

## Analysis

The Federal Rules of Evidence allow testimony by a qualified expert who will assist a trier of fact in understanding the evidence or in determining a fact in issue, so long as "(1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case." Fed.R.Evid. 702.

It is the trial judge's responsibility to act as a "gatekeeper" by ensuring "that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." *Daubert I*, 509 U.S. at 597. The court's gatekeeping function exists to ensure that an expert witness "employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kumho Tire Co.*, 526 U.S. at 152. The gatekeeping role extends to all expert

ORDER REGARDING MOTION TO EXCLUDE PLAINTIFF'S EXPERT WITNESS AND MOTIONS IN LIMINE~ 3

witnesses, whether the expert relies on "scientific" knowledge or "technical" or "other specialized" knowledge. *Kumho Tire*, 526 U.S. at 147-48. The inquiry is flexible and case-specific, however, and must leave the task of weighing the facts or the expert's credibility to the factfinder. *Primiano v. Cook*, __ F.3d __, 2010 WL 1660303 at *4 (9th Cir. 2010). Moreover, the gatekeeping function is more relaxed in a bench trial. *See U.S. v. Brown*, 415 F.3d 1257, 1268-69 (11th Cir. 2005) ("There is less need for the gatekeeper to keep the gate when the gatekeeper is keeping the gate only for himself."); *Volk v. United States*, 57 F.Supp.2d 888, 896 n. 5 (N.D.Cal.1999) ("[I]t bears noting that the Daubert gatekeeping obligation is less pressing in connection with a bench trial.").

     For an expert opinion to have evidentiary relevance under Fed.R.Evid. 702, the opinion must assist the trier of fact to determine a fact at issue in the case. *Daubert I*, 509 U.S. at 589. Relevant expert testimony "logically advances a material aspect of the proposing party's case." *Daubert v. Merrell Dow Pharm., Inc.*, 43 F.3d 1311, 1315 (9th Cir.1995) (Daubert II). Similarly, evidence is relevant under Fed. R. Evid. 401 if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probably than it would be without the evidence." An expert's testimony must assist the trier of fact and relate to, or "fit," the underlying facts of the case. *Daubert II*, 43 F.3d. at 1320. This requirement of "fit" or "helpfulness" demands

ORDER REGARDING MOTION TO EXCLUDE PLAINTIFF'S EXPERT WITNESS AND MOTIONS IN LIMINE~ 4

"a valid scientific connection to the pertinent inquiry as a precondition to admissibility." *Daubert II*, 43 F.3d at 1317-18 (*quoting Daubert I*, 509 U.S. at 592); *see also* Fed. R. Evid. 702.

The party proffering the expert testimony bears the burden of demonstrating that the expert's findings and conclusions are based on a reliable methodology. The court is to conduct a "holistic" analysis of the expert's testimony. *See United States v. W.R. Grace*, 504 F.3d 745, 762 (9th Cir.2007). The court should review the expert's opinion testimony for "overall sufficiency of the underlying facts and data, and the reliability of the methods, as well as the fit of the methods to the facts of the case." *W.R. Grace*, 504 F.3d at 765. When there is too great an analytical gap between the data and the opinion proffered, the trial court may properly exclude the testimony as unreliable. *Joiner*, 522 U.S. at 146, 118 S.Ct. 512.

*Reliable basis and methodology:*

VESi does not contest Dr. Halpert's qualifications as an expert. Rather, VESi contends that Dr. Halpert's opinion testimony is not reliable and would not assist the Court as the trier of fact in the upcoming bench trial to determine an issue in the case.

VESi argues that Dr. Halpert's testimony is not reliable because it is "tainted by a strong showing of advocacy and bias in favor of plaintiff" (Ct. Rec. 56 at 6).

ORDER REGARDING MOTION TO EXCLUDE PLAINTIFF'S EXPERT WITNESS AND MOTIONS IN LIMINE~ 5

However, whether Dr. Halpert is biased is an issue that goes to the weight of her evidence, not admissibility of her evidence. These are two different inquiries.

VESi also argues that Dr. Halpert did not interview Ms. Maxwell or review her medical records and that that Dr. Halpert did not give due consideration to Ms. Maxwell's statements to Ms. Jackson that she had difficulty working at home with her toddler. VESi maintains that these alleged omissions contradict Dr. Halpert's statement that, "If I know something to be true about a certain person and I take action based solely on that fact, I probably wouldn't call that stereotyping." (Ct. Rec. 57-1 at 27). VESi also characterizes the following exchange as evidence of Dr. Halpert's advocacy for Ms. Maxwell, and, in turn, of the unreliability of Dr. Halpert's testimony:

> [Counsel for VESi:] Wouldn't you agree that if an employee affirmatively stated that it was difficult to work from home with a young child and then a decision is based upon that, that that's not stereotyping?
> [Counsel for Ms. Maxwell:] Objection; calls for speculation, calls for facts not in evidence, it's a hypothetical.
> [Dr. Halpert:] I would counter that by saying before – I think one of the best predictors of future behavior is current or past behavior. And so I don't see any way in which to judge whether somebody could effectively work at home with two small children without giving it a shot first, giving her a chance to try it, and then seeing if it's working or not working.

Dep. of Jane Halpert, PhD, June 9, 2010 (Ct. Rec. 57-1 at 37).

The Court interprets VESi's objections as attacking Dr. Halpert's bases and scientific methodology. Plaintiff counters that Dr. Halpert consistently and

ORDER REGARDING MOTION TO EXCLUDE PLAINTIFF'S EXPERT WITNESS AND MOTIONS IN LIMINE~ 6

reliably applied social science theory to the facts of the case when she evaluated whether the actions and statements she observed in the documents she examined were consistent with patterns of stereotyping and discrimination. Plaintiff also provides support that Dr. Halpert's reliance on social framework analysis is an established, reliable approach in discrimination cases. *See Dukes v. Wal-Mart, Inc.*, 222 F.R.D. 189, 192-93 (N.D.Cal. 2004) (challenged expert's review of "documents and deposition testimony regarding Wal-Mart's culture and practices [combined] with his knowledge of the professional research and literature in the field" was a reliable basis for his opinion); *see also Butler v. Home Depot, Inc.*, 984 F.Supp. 1257 (N.D.Cal. 1997).

The Court finds that the issues raised by VESi do not undermine the reliability of Dr. Halpert's report and testimony as to warrant its rejection pursuant to Fed. R. Evid. 702 or *Daubert*. Nor do those issues of unfair prejudice outweigh the probative value of Dr. Halpert's testimony. Defendant's arguments address the proper weight that should be given to Dr. Halpert's testimony and can be raised at trial through cross examination. As the Supreme Court emphasized in *Daubert I*, "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." 509 U.S. at 596.

ORDER REGARDING MOTION TO EXCLUDE PLAINTIFF'S EXPERT WITNESS AND MOTIONS IN LIMINE~ 7

*Helpful to the trier of fact:*

Defendants cite several cases to support their argument that Dr. Halpert's testimony will not be helpful to the Court as factfinder because stereotyping is essentially a matter of general understanding. However, none of those cases excludes expert testimony on stereotyping on the basis that issues of stereotyping are a matter of common knowledge. *See Price Waterhouse v. Hopkins*, 490 U.S. 228, 109 S.Ct. 1775 (1989) (holding that when a Title VII plaintiff proves that an employment decision is gender motivated, at least in part, defendant may avoid liability by proving by a preponderance that it would have made the same decision even without considering plaintiff's gender) (holding modified by 1991 Civil Rights Act § 107); *Back v. Hastings on Hudson Union Free School Dist.*, 365 F.3d 107, 120 (2d Cir. 2004) (holding that stereotyped remarks, identified as such informally and without expert testimony, can be evidence that gender motivated an adverse employment decision) ; *Prue v. University of Washington*, 2009 WL 1174455 at *3 (admitting lay testimony on the reasoning that a portion of it could be understood by the jury without expert testimony).

The case most on point to the issue now before the court, *Chadwick v. Wellpoint, Inc.*, 550 F.Supp.2d 140, 143 (D. Me. 2008), *affirmed in relevant part by* 561 F.3d 38, 48-49 (1st Cir. 2009), excluded the expert's testimony as unhelpful

ORDER REGARDING MOTION TO EXCLUDE PLAINTIFF'S EXPERT WITNESS AND MOTIONS IN LIMINE~ 8

to the trier of fact because of the expert's lack of familiarity with the details of that case and her subsequent inability to testify as to what the *Chadwick* plaintiff's supervisors "mean, consciously or unconsciously, in using certain words." *Chadwick*, 550 F.Supp.3d at 147.

By contrast, the Plaintiff relies on *Tuli v. Brigham & Women's Hospital, Inc.*, 592 F.Supp.2d 208 (2009). The court in *Tuli* admitted expert witness testimony on gender stereotyping upon the following finding:

> [The expert at issue] does not purport to determine the credibility of the allegations or give an ultimate conclusion about whether discrimination occurred. The most his testimony does is describe how stereotyping and discrimination operate—in what contexts, in what fashion—based on empirical research and note that the statements and treatment described by Dr. Tuli are consistent with that research.

592 F.Supp.2d at 215. This is exactly what Plaintiff contends that Dr. Halpert will do.

The Court finds that Dr. Halpert's testimony on social science theories of discrimination and stereotyping in the area of gender and pregnancy and her conclusions regarding whether the behavior she observed in the documents from this case was consistent with those social scientific patterns are relevant because they "logically advance[] a material aspect of the proposing party's case." *Daubert II*, 43 F.3d at 1315.

ORDER REGARDING MOTION TO EXCLUDE PLAINTIFF'S EXPERT WITNESS AND MOTIONS IN LIMINE~ 9

*Ultimate fact:*

Alternatively, VESi argues that if the Court allows Dr. Halpert to testify that her testimony should be limited. VESi requests that the Court limit the scope of Dr. Halpert's testimony "solely to the explanation of stereotyping and how it operates" (Ct. Rec. 82 at 2). VESi continues, "Dr. Halpert must be precluded from improperly testifying to the specifics of the case or offering her opinion of whether stereotyping and/or discrimination occurred in this matter" (Ct. Rec. 82 at 2) (citing *Chadwick v. Wellpoint, Inc.*, 550 F.Supp.2d 140, 143 (D. Me. 2008)).

The rules of evidence provide: ". . . testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact." Fed. R. Evid. 704. Dr. Halpert may testify as to the specifics of the case and offer her opinion as to whether those specifics are similar to cases of stereotyping. During trial, the Court will entertain any motions or objections to specific evidence made pursuant to Fed. R. Evid. 704. However, the expert witness's analogizing from social science research on patterns of discrimination and stereotyping to statements made by VESi's agents is admissible. Therefore, the Court denies Defendant's Motion to Exclude, Ct. Rec. 55, and denies Defendant's Motion in Limine (Ct. Rec. 81) with respect to its request to exclude or limit Plaintiff's expert witness.

ORDER REGARDING MOTION TO EXCLUDE PLAINTIFF'S EXPERT WITNESS AND MOTIONS IN LIMINE~ 10

## Defendant's Motions in Limine

Within the same motion, Ct. Rec. 81, Defendant moves the Court to exclude any testimony and/or evidence on any claim dismissed by this Court. Plaintiff represents that there is no evidence of dismissed claims to be offered. Therefore, the Court denies this portion of the motion with leave to renew at trial if appropriate.

Defendant moves the Court to prohibit Plaintiff from amending her complaint or adding new parties, and Plaintiff indicates that there are no plans to amend or add parties, but reserves the right to amend pursuant to Fed. R. Civ. P. 15, if the need arises. Therefore, the Court denies this portion of the motion with leave to renew at trial if appropriate.

Defendant moves to exclude any evidence of settlement discussions. Plaintiff agrees. Therefore, pursuant to Fed. R. Evid. 408, the Court grants the portion of the motion requesting exclusion of evidence of any settlement discussions.

## Plaintiff's Motions in Limine

Several of the Plaintiff's motions are similar to Defendant's motions and already have been discussed. Plaintiff's remaining motions in limine are as follows:

ORDER REGARDING MOTION TO EXCLUDE PLAINTIFF'S EXPERT WITNESS AND MOTIONS IN LIMINE~ 11

Plaintiff moves to exclude any testimony, argument, or evidence attempting to assert or raise affirmative defenses and/or counterclaims that VESi did not plead. Defendant indicates that there are no plans to amend or add defenses. Therefore, the Court denies this motion with leave to renew at trial if appropriate.

Plaintiff moves to exclude any evidence and witnesses not identified by VESi on its exhibit or witness lists. Defendant indicates that there are no plans to amend or add defenses, but reserves the right to do so if necessary. Therefore, the Court denies this portion of the motion with leave to renew at trial if appropriate.

Plaintiff moves the Court to compel VESi to bring the original documents Bates-stamped VESI 000160-000175 to be used as the Court's official exhibits. Defendant does not object. Therefore, the Court grants this portion of the motion.

Plaintiff moves to exclude all evidence regarding Defendant's treatment of other employees after the date of Ms. Maxwell's termination, specifically an email that was produced by a former VESi employee, Amanda Wilson. Plaintiff relies on Fed. R. Evid. 404(b), 405, and 801. Defendant contends that the evidence is admissible under Fed. R. Evid. 406, as evidence of VESi's practice of treating employees, and is not hearsay under Fed. R. Evid. 803. However, the Court finds that Ms. Wilson's email that relates to events after Ms. Maxwell's termination is not relevant and will be excluded. Therefore the Court grants Plaintiff's motion on this issue and excludes the Amanda Wilson email.

ORDER REGARDING MOTION TO EXCLUDE PLAINTIFF'S EXPERT WITNESS AND MOTIONS IN LIMINE~ 12

Plaintiff also moves to exclude all identified witnesses from the courtroom, pursuant to Fed. R. Evid. 615. Defendant objects to exclusion of Ms. Jackson and Mr. Jackson on the basis that they are a married couple and the owners of VESi, and as such, are permitted to be present pursuant to Fed. R. Evid. 615(2) and (3). Section 2 allows the presence of "an officer or employee of a party which is not a natural person designated as its representative by its attorney." Fed. R. Evid. 615.

VESi is an incorporated entity with three officers and is entitled to designate a representative to be present at trial. However, the rule does not specify that more than one representative needs to be present at trial. Section 3 allows the presence of "a person whose presence is shown by a party to be essential to the presentation of the party's cause, . . ." Fed. R. Evid. 615. Defendant has not made an adequate showing that the presence of either Ms. Jackson or Mr. Jackson is "essential to the presentation of the party's cause." Therefore, the Court grants Plaintiff's motion to exclude all identified witnesses with the exception of either Ms. Jackson or Mr. Jackson, either of whom may be present at trial as VESi's designated representative.

**IT IS SO ORDERED**:

1. Defendant's Motion to Exclude Plaintiff's Expert Witness (**Ct. Rec. 55**) is **DENIED;**

ORDER REGARDING MOTION TO EXCLUDE PLAINTIFF'S EXPERT WITNESS AND MOTIONS IN LIMINE~ 13

2.       Defendant's Motion in Limine (**Ct. Rec. 81**) is **DENIED in part and GRANTED in part,** consistent with the rulings in this order;

3.       Plaintiff's Motion in Limine **(Ct. Rec. 75)** is **DENIED in part and GRANTED in part,** consistent with the rulings in this order.

The District Court Executive is hereby directed to enter this Order and provide copies to counsel.

**DATED** this 30th day of August, 2010.

           *s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
United States District Court Judge

ORDER REGARDING MOTION TO EXCLUDE PLAINTIFF'S EXPERT WITNESS AND MOTIONS IN LIMINE~ 14