UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

GRACIA H. MERRILL,

        Plaintiff,

v.

M.I.T.C.H. CHARTER SCHOOL TIGARD,

        Defendant.

Case No.: 3:10-cv-00219-HA

ORDER

HAGGERTY, District Judge:

On April 25, 2012, this court entered a Judgment in favor of plaintiff on three of her claims. Plaintiff has since presented a Bill of Costs [174] seeking $8,498.16 as the prevailing party in this action, and defendant has objected to several items. For the following reasons, the court grants in part and denies in part plaintiff's Bill of Costs.

**STANDARDS**

Federal Rule of Civil Procedure 54(d)(1) provides that "costs—other than attorney's fees—should be allowed to the prevailing party." Fed R. Civ. P. 54(d)(1). This rule creates a presumption in favor of awarding costs to a prevailing party, but vests the district court with discretion to refuse to award costs. *Ass'n of Mexican–Am. Educators v. California*, 231 F.3d

1  - ORDER

572, 591 (9th Cir. 2000) (en banc). The opposing party must establish a reason for the court to deny costs, and the court must provide its reasoning on the record. *Quan v. Computer Sciences Corp.*, 623 F.3d 870, 888 (9th Cir. 2010); *Dawson v. City of Seattle*, 435 F.3d 1054, 1070 (9th Cir. 2006).

The district court may only tax those items listed under 28 U.S.C. § 1920 as costs. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987). These items include: (1) fees of the clerk and marshal; (2) fees for "printed or electronically recorded transcripts necessarily obtained for use in the case"; (3) fees for printing and witnesses; (4) fees for exemplification and copies of any materials "where the copies are necessarily obtained for use in the case"; (5) docket fees; and (6) compensation of court appointed experts and interpreters. 28 U.S.C. § 1920. Courts have the authority to construe the meaning and scope of the items enumerated as taxable costs in § 1920. *Alflex Corp. v. Underwriters Lab., Inc.*, 914 F.2d 175, 177 (9th Cir. 1990) (per curiam).

A.   **Filing Fees**

Plaintiff seeks to recover her $350.00 filing fee for the Complaint, and service fees in the amount of $751.50. By statute, a prevailing party may recover "[f]ees of the clerk[.]" 28 U.S.C. § 1920(1). Defendant does not object to these fees, and the court finds no reason to deny plaintiff's request. Accordingly, the court allows this cost in the amount of $1,101.50.

B.   **Fees for Transcripts**

Under 28 U.S.C. § 1920(2), a prevailing party may recover "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case[.]" Depositions are considered necessary if they were "introduced into evidence or used at trial for impeachment or

2 - ORDER

cross-examination." *Arboireau v. Adidas Salomon AG*, No. 01–105–ST, 2002 WL 31466564, at *5 (D. Or. June 14, 2002) (citing *Indep. Iron Works, Inc. v. U.S. Steel Corp.*, 322 F.2d 656, 678 (9th Cir. 1963)). The cost of deposition transcripts that were not used at trial are also recoverable "if taking the deposition was reasonable as part of the pretrial preparation of the case rather than merely discovery for the convenience of counsel, or if the deposition was required for a dispositive motion." *Id.* This court has recognized that obtaining copies of deposition transcripts for counsel's use at trial is a common practice in this district and is reasonably necessary for adequate trial preparation. *U.S. ex rel. Berglund v. Boeing Co.*, No. 03:02–cv–193–AC, 2012 WL 697140, *3 (D. Or. Feb. 29, 2012). The district court, however, retains discretion to disallow expenses for depositions that were not used at trial. *Wash. State Dep't. of Transp. v. Wash. Natural Gas Co.*, 59 F.3d 793, 806 (9th Cir. 1995).

Based on these general principles, the court finds that plaintiff has demonstrated that all requested deposition transcript fees were reasonably necessary for use in the trial. The invoices submitted with plaintiff's original memorandum reveal that although deposition costs for some witnesses were separated out as "original" or "e-transcripts," these costs were not duplicative.

The more contested question is whether plaintiff is entitled to the costs for videography services for Debi Lorence and Shana Hildreth. This court has frequently denied such costs. *Berglund*, 2012 WL 697140, at *3 (citations omitted). In *Pullela v. Intel Corporation*, No. 08–1427–AC, 2010 WL 3361089 (D. Or. Aug. 25, 2010), *aff'd* 2012 WL 192572 (9th Cir. 2012), Magistrate Judge Acosta explained his reasoning for denying videography costs as follows:

> The demeanor of any witness, including the plaintiff in an employment lawsuit, is important in any case. That general principle, however, should not automatically

3 - ORDER

>convert a videographer's fee into a recoverable item of cost where a court reporter also attended and transcribed the deposition and the party seeking to recover the videographer's cost does not offer one or more reasons specific to the case to justify an award of costs for both items. Routinely allowing recovery of the cost incurred for both the court reporter's transcript and a separate videographic record of depositions duplicates deposition costs without purpose.

*Pullela*, 2010 WL 3361089, at *3.

Here, plaintiff contends that videography costs were necessarily obtained because she submitted portions of the video in opposition to defendant's motion for summary judgment, and introduced sections during her case-in-chief at trial. This court disagrees. Plaintiff's inclusion of videotaped deposition excerpts in her dispositive briefing was distracting and had no effect on the court's ruling. Similarly, plaintiff's use of the videotaped deposition at trial appeared to be mere trial strategy and duplicated the witnesses' live testimony later in the trial. Accordingly, videography fees are denied as unnecessary and duplicative, and plaintiff is entitled to $4,798.50 in deposition fees.

### C.     Printing and Witnesses

Plaintiff seeks $456.70 in fees for her witnesses that were subpoenaed for trial and their mileage costs. *See* 28 U.S.C. § 1821. Defendant objects to the fees related to Kathie Holland and Angela Wilner because they did not testify at the trial. Although these witnesses did not actually testify during the trial, they were available to testify and were later excused by plaintiff during the trial. Plaintiff submits that she intended to call them during her case-in-chief, but changed her mind after sufficient testimony had been elicited from other witnesses. These costs were reasonable under the circumstances. Plaintiff is awarded $456.70 in witness fees.

    **D.    Copies**

Plaintiff requests $407.46 in costs incurred for scanning copies of discovery documents necessarily obtained for use in this case. Plaintiff submitted only one invoice for $331.46 showing that she incurred and paid costs for duplicating discovery documents onto an electronic format for delivery to opposing counsel. She has offered no explanation for the additional $76.00 for which she also requests reimbursement; therefore, this additional cost is denied. Plaintiff is entitled to $331.46 for copying expenses. *See* 28 U.S.C. § 1920(4).

## CONCLUSION

For the reasons provided, plaintiff's Bill of Costs [174] is GRANTED IN PART AND DENIED IN PART. Plaintiff is entitled to prevailing party costs as follows:

| | |
|---|---|
| Filing fees | $1,101.50 |
| Deposition fees | $4,798.50 |
| Witness fees | $ 456.70 |
| Copying fees | $ 331.46 |
| | $6,688.16 |

IT IS SO ORDERED.

Dated this 2 day of July, 2012.

                                                           Ancer L. Haggerty
                                                    United States District Judge